Turley, J.
delivered the opinion of the court.
This is an action of assumpsit, to which the defendant pleads the statute of limitations; to which the plaintiff replies generally, controverting the truth of the plea, and concluding to the country. The circuit judge, upon the trial, held that the replication should have been special, setting forth a new promise made within time not barred by the statute of limitations. In this, we think, he most certainly erred. It is not necessary that there should be a new* promise to take a case out of the operation of the statute of limitations. An admission that the amount claimed by the contract has never been paid, is as sufficient for that purpose as is a direct promisé to páy, and, therefore, upon a plea of the,statute of limitations, upon a general replication, proof'may be heard, to show that the nonpayment of the debt, and the consequent existence of it has been admitted within the time; and so also may proof of a subsequent promise, for either, revives the action, and it is the remedy which is barred and not the cause of action, that is, time does not annuli the contract, but bars an action on it; the consequence of which is, that a direct admission of the existence of the debt, or a-promise to pay it within time, revives the action, as we have invariably held.
In 1st Chitty’s pleading, 179, it is laid down, that “if the statute of limitations be pleaded, the plaintiff may reply, either that the defendant did undertake, or that the cause of action did arise within six years, or with the negative of the plea;” and of course, under this replication, any thing may be given in evidence which shows that the defendant did undertake, or that the cause of action did arise, within the time limited by law.
We, therefore, reverse the judgment of the circuit judge, and remand the case for a new trial.